IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | |
|---|---|
| MOLLY KIRKPATRICK,<br>on Behalf of Herself<br>and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARDINAL ALLY, INC.<br>d/b/a CARDINAL INNOVATIONS<br>HEALTHCARE,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Case no.: |

## COMPLAINT
### Collective Action under §216(b) of Fair Labor Standards Act

Plaintiff Molly Kirkpatrick, on behalf of herself, and all others similarly situated, by and through counsel, for her Complaint against Defendant Cardinal Innovations Healthcare Solutions ("Cardinal" or "Defendant") states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Molly Kirkpatrick is an Intellectual/Developmental Disability ("I/DD") Care Coordinator for Cardinal. She performs non-manual, clerical tasks for which Cardinal pays her a salary.

2. Cardinal misclassified Plaintiff Kirkpatrick and other I/DD Care Coordinators as exempt from overtime pay under the FLSA's "professional" exemption, even though Plaintiff Kirkpatrick and the other I/DD Care Coordinators do not qualify for that or any other exemption.

3. Defendant Cardinal is North Carolina's largest Managed Care Organization providing Medicaid managed care and state-funded behavioral health plans. "Cardinal Innovations Healthcare is the largest specialty health plan in the country, serving 875,000 members through its Medicaid, state and county funded plans." www.cardinalinnovations.org (last visited Aug. 23, 2016).

4. This is a FLSA collective action brought by representative Plaintiff Kirkpatrick on her own behalf and on behalf of the state-wide class of similarly situated I/DD Care Coordinators.

5. Plaintiff Kirkpatrick and the I/DD Care Coordinator putative class members are or were employed by Cardinal as "I/DD Care Coordinators" and are or were denied overtime as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. The "I/DD Care Coordinator FLSA Collective Class" is made up of all persons who are, have been, or will be employed by Defendant as I/DD Care Coordinators within the State of North Carolina at any time within the last three years (the "Collective Period").

7. During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the I/DD Care Coordinator FLSA Collective Class.

8. Defendant's failure to pay overtime compensation to each member of this Collective Class violates federal law. Plaintiff seeks relief for the I/DD Care Coordinator FLSA Collective Class under the FLSA to remedy Defendant's failure to pay all wages due, pay overtime compensation, maintain accurate time records, and for injunctive relief.

9. Cardinal's policy and practice is to deny earned wages including overtime pay to its I/DD Care Coordinators. In particular, Cardinal forces, suffers, or permits these employees to

perform work in excess of forty (40) hours per week, but fails to pay them overtime by illegally classifying all such employees as exempt from the overtime requirements.

10. Cardinal operates under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked. Cardinal represents to its employees and the public that I/DD Care Coordinators are exempt "professional" employees when Cardinal knows these employees and their actual job duties and requirements do not meet the requirements of the professional exemption.

11. Cardinal's deliberate, illegal misclassification of its I/DD Care Coordinators as exempt from the overtime requirements results in Cardinal willfully violating the FLSA.

## PARTIES

12. Plaintiff Molly Kirkpatrick currently resides in York County, South Carolina. Cardinal has employed Plaintiff Kirkpatrick as an I/DD Care Coordinator since approximately April 2014 at Defendant's location in Charlotte, North Carolina. Plaintiff Kirkpatrick's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as an exhibit.

13. Defendant Cardinal Innovations Healthcare Solutions operates throughout the State of North Carolina, with its headquarters located at 4855 Milestone Avenue, Kannapolis, North Carolina 28081. Cardinal also maintains offices in Charlotte, Chapel Hill, Concord, Burlington and Henderson, North Carolina.

14. Cardinal conducts business in this judicial district, throughout North Carolina, and interstate via its Internet use and its receipt and administration of federal funds.

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

16. The United States District Court for the Middle District of North Carolina has personal jurisdiction because Cardinal conducts business within this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Cardinal has offices, conducts business, and can be found in this District, and the cause of action set forth herein has arisen and occurred in part in this District. Venue is also proper under 29 U.S.C. §1132(e)(2) because Cardinal has substantial business contacts within the State of North Carolina.

## FACTUAL ALLEGATIONS

18. Cardinal Innovations operates at-risk capitated health plans for individuals with complex needs connecting its members with publicly-funded health care services. Cardinal maintains offices in Charlotte, Chapel Hill, Kannapolis, Concord, Burlington and Henderson, North Carolina.

19. In fiscal year 2014, Defendant Cardinal generated and managed $427,521,826 in annual revenues from Medicaid and other state and federal funding sources. *See* Cardinal Innovations Healthcare Solutions 2014 Annual Report, https://www.cardinalinnovations.org/docs/2014-cardinal-innovations-annual-report.pdf (last visited Aug. 23, 2016).

20. At all relevant times, Cardinal has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

21. At all relevant times, Cardinal employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

22. At all relevant times, Defendant has had gross annual operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

23. Other current and/or former Cardinal employees have opted into this lawsuit and their Consent to Join form(s) pursuant to 29 U.S.C. § 216(b) are attached as an exhibit.

### I/DD Care Coordinators

24. Cardinal employs I/DD Care Coordinators, including Plaintiff Kirkpatrick, to meet with members of the community who may be eligible for intellectual or developmental disability services and to gather information from them or their legal guardians about their risk and support needs.

25. I/DD Care Coordinators, including Plaintiff Kirkpatrick, can only propose available services that might be applicable to the disabled individual's situation. Then, the member or his/her legal guardian selects services of interest, and the I/DD Care Coordinator compiles the services selected into a proposed treatment plan and submits that proposal to Cardinal's Utilization Management team for approval or disapproval.

26. Moreover, in many cases, Cardinal requires that the I/DD Care Coordinator's proposed treatment plan must be approved by a supervisor before the I/DD Care Coordinator is even allowed to submit the proposed plan to the Utilization Management team for approval or disapproval.

27. I/DD Care Coordinators, including Plaintiff Kirkpatrick, have no discretion to select or approve services or treatment plans. They simply gather information, explain options, and submit the member's selections for approval by their supervisor and/or the Utilization Management team.

28. If the Utilization Management team approves the proposed treatment plan, I/DD Care Coordinators, including Plaintiff Kirkpatrick, coordinate and monitor the service providers' implementation of the plan.

29. However, I/DD Care Coordinators have no discretion in how the approved services or treatment are dispensed by Cardinal's service providers.

30. Cardinal paid Plaintiff Kirkpatrick and other I/DD Care Coordinators a salary without paying I/DD Care Coordinators overtime compensation.

31. Cardinal uniformly applied its salary structure to all I/DD Care Coordinators.

32. Defendant suffered and permitted Plaintiff Kirkpatrick and other I/DD Care Coordinators to work more than forty hours per week without overtime compensation for all overtime hours worked.

33. For example, while an I/DD Care Coordinator, Plaintiff Kirkpatrick's schedule fluctuated from day-to-day. However, her regular schedule and workload required her to work Monday through Friday, generally from 8:30 am until 10:00 pm. Additionally, Plaintiff Kirkpatrick worked approximately 4 weekend days every month, averaging approximately 6-10 hours each weekend. As such, during this time period, Plaintiff Kirkpatrick routinely worked in excess of 40 hours per week.

34. However, Defendant only paid Plaintiff Kirkpatrick a straight salary with no overtime premiums for hours worked over 40 in the workweek.

35. Similarly, Cardinal's other I/DD Care Coordinators routinely worked in excess of 40 hours per week, and Cardinal similarly paid them only a salary with no overtime premiums for hours worked in excess of 40 in a workweek.

36. Cardinal knows and/or knew Plaintiff Kirkpatrick and other I/DD Care Coordinators worked more than forty hours in a week because Cardinal expected Plaintiff Kirkpatrick and other I/DD Care Coordinators to be available to work outside of regular business hours to meet the needs of its members, to drive to and from these members' homes to meet with them at their convenience, and to timely complete paperwork that could not be completed in only 40 hours per week.

37. Plaintiff Kirkpatrick complained on multiple occasions to Cardinal that she and other I/DD Care Coordinators are legally entitled to overtime pay for their significant overtime work.

38. Cardinal refused and misrepresented to Plaintiff Kirkpatrick that she and other I/DD Care Coordinators are all exempt "professional" employees and therefore ineligible to receive overtime pay.

39. Cardinal treated Plaintiff Kirkpatrick and other I/DD Care Coordinators as exempt employees and therefore did not pay them overtime compensation even though they worked overtime hours. Defendant uniformly applied this policy and practice to all I/DD Care Coordinators, and it is reflected on their company-wide, uniform job description.

40. In reality, Plaintiff Kirkpatrick and other I/DD Care Coordinators are and were non-exempt employees who are and were entitled to overtime pay.

41. Cardinal is in the business of connecting members of the community with publically funded services and administering payment for those services. Plaintiff Kirkpatrick's and

other I/DD Care Coordinators' work is and was directly related to providing Cardinal's services to its members.

42. Plaintiff Kirkpatrick and I/DD Care Coordinators did not regularly supervise the work of two or more employees.

43. Plaintiff Kirkpatrick and I/DD Care Coordinators did not regularly exercise discretion and independent judgment as to matters of significance or perform office work related to Cardinal's general business operations (e.g. IT, human resources, facility management, etc.).

44. Plaintiff Kirkpatrick and I/DD Care Coordinators had no advance knowledge in a field of science or learning requiring specialized instruction that was necessary to perform their job.

45. Cardinal did not require that Plaintiff Kirkpatrick and other I/DD Care Coordinators have a professional degree or license to perform the job.

46. All I/DD Care Coordinators are similarly situated in that they share common job duties and descriptions, and were all subject to Cardinal's policy and practice that designated them as exempt and thus they all performed work without overtime compensation.

## Cardinal's Liability

47. Cardinal is aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not I/DD Care Coordinators.

48. Cardinal's conduct, as set forth in this Complaint, was willful and not in good faith, and has caused significant damages to Plaintiffs and other I/DD Care Coordinators.

8

49. Cardinal is liable under the FLSA for failing to properly compensate Plaintiff and the I/DD Care Coordinator FLSA Collective Class, and as such, notice should be sent to all putative class members.

50. Plaintiff Kirkpatrick estimates there are more than 100 similarly situated, current and former I/DD Care Coordinators of Cardinal who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Cardinal and are readily identifiable through Cardinal's records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims – I/DD Care Coordinator FLSA Collective Class

51. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

52. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

53. Plaintiff Kirkpatrick and the I/DD Care Coordinator FLSA Collective Class are entitled to be paid overtime compensation for all overtime hours worked.

54. Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Kirkpatrick and the I/DD Care Coordinator FLSA Collective Class for all of their overtime hours worked.

55. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.*, by failing to compensate Plaintiff Kirkpatrick and the I/DD Care Coordinator FLSA Collective Class for overtime compensation.

56. Plaintiff Kirkpatrick and the I/DD Care Coordinator FLSA Collective Class do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

57. By failing to record, report, and/or preserve records of all hours worked by Plaintiff Kirkpatrick and the I/DD Care Coordinator FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

58. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Plaintiff Kirkpatrick, on behalf of herself and the I/DD Care Coordinator FLSA Collective Class, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

60. Plaintiff Kirkpatrick, on behalf of herself and the I/DD Care Coordinator FLSA Collective Class seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the I/DD Care Coordinator Collective Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the I/DD Care Coordinator FLSA Collective Class and prompt issuance of notice pursuant to 29 U.S.C. §

10

Case 1:16-cv-01088-TDS-LPA   Document 1   Filed 08/28/16   Page 10 of 12

216(b) to all similarly situated members of the FLSA Collective Classes, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendant is financially responsible for notifying the FLSA Collective Classes of its alleged wage and hour violations;

C. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective Class members' unpaid overtime wages at the applicable rates;

D. A finding that Defendant's conduct was willful;

E. An additional amount equal to the unpaid overtime wages as liquidated damages;

F. All costs and attorneys' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such further relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated: August 29, 2016

Respectfully Submitted,

/s/ Tamara L. Huckert
Christopher R. Strianese, Esq.
Tamara L. Huckert, Esq.
**STRIANESE PLLC**
401 North Tryon St., 10th Fl.
Charlotte, NC 28202
Tel. 704-998-2577
chris@strilaw.com
tamara@strilaw.com
www.strilaw.com

*A Pro Hac Vice Motion Will Be Forthcoming For:*

**DAVIS GEORGE MOOK LLC**
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel:    (816) 569-2629
Fax:   (816) 447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com

**ATTORNEYS FOR PLAINTIFFS**