**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON SALEM DIVISION**

| | | |
|---|---|---|
| **MOLLY KIRKPATRICK,** on Behalf of Herself and All Others Similarly Situated, | ) | JURY TRIAL DEMANDED |
| Plaintiffs, | ) | |
| vs. | ) | Case no.: 1:16-CV-01088 |
| **CARDINAL INNOVATIONS HEALTHCARE SOLUTIONS,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO POSTPONE CONSIDERATION OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**
**PENDING LIMITED DISCOVERY**

Defendant admits in its own Answer that Plaintiff and all its I/DD Care Coordinators in the State of North Carolina have the same job title, share the same job description and responsibilities, and are all classified as "exempt" (e.g. denied overtime premiums) under the FLSA's "professional" exemption pursuant to the exact same decision made by Defendant's legal department. Moreover, Plaintiff offers substantial allegations and supporting declaration testimony that she and other I/DD Care Coordinators regularly work more than 40 hours in a workweek and are entitled to, but do not receive, overtime pay. Lacking any legitimate defense to conditional certification, Defendant attempts to jump past the conditional certification stage and conduct discovery into matters which are not appropriately considered until the second (decertification)

stage of FLSA cases. This Court should deny the Motion and grant Plaintiff's motion for conditional certification.

It is well settled that conditional certification requires only a "modest factual showing" that potential class members are similarly situated. The Court does not weigh evidence or determine conclusively whether the putative class members are, in fact, similarly situated until the second stage of the litigation. Rather, because the statute of limitations continues to run for each putative plaintiff until (s)he receives notice and returns a consent form, District Courts decide conditional certification early in the case, based upon the substantial allegations in the pleadings and affidavits, and prior to the parties conducting discovery. This case is no exception.

Defendant's motion to conduct pre-conditional certification not only ignores this fundamental FLSA procedure; if granted, it will needlessly delay notice to putative opt-in plaintiffs, burden current opt-in plaintiffs with multiple depositions, and run up the costs of litigation. All of these additional expenses, delay, and prejudice, Defendant insists, are necessary to discover competing evidence and merits-based information that this very Court—along with countless others—refuses to consider when deciding conditional certification.

Because Defendant fails to identify any relevant information it legitimately needs to discover from Plaintiff and the opt-in plaintiffs, and because Defendant has access to its own policies, job descriptions, procedures, human resources personnel, management employees, and time and payroll documents, this Court should deny Defendant's request

for discovery and order Defendant to respond to Plaintiff's conditional certification motion by January 26, 2017, as this Court previously ordered. (Dec. 19, 2016 Text Order).

***Legal Argument***

**I. FEDERAL COURTS DECIDE CONDITIONAL CERTIFICATION PRIOR TO DISCOVERY AND REQUIRE ONLY SUBSTANTIAL ALLEGATIONS THE COLLECTIVE CLASS WERE SUBJECT TO THE SAME PAY PRACTICE THAT DENIED THEM OVERTIME.**

Federal district courts in the Fourth Circuit follow a two-step approach when deciding whether the named plaintiffs are similarly situated to potential plaintiffs for the purposes of certifying the collective action. *See, e.g., Butler v. DirectSAT USA, LLC,* 876 F. Supp. 2d 560, 566 (D. Md. 2012); *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011); *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562–63 (E.D. Va. 2006).

The first step—the "conditional certification" or "notice" stage—involves a "fairly lenient" standard: the plaintiff "need only make a relatively modest factual showing that a common policy, scheme or plan that violated the law exists." *Id.* (internal quotation marks omitted); *see also Hart v. Crab Addison, Inc*., No. 13-CV-6458, 2015 WL 365785, at *2 (W.D.N.Y. Jan. 27, 2015) ("Unlike class certification motions under Rule 23, motions for preliminary certification of FLSA collective actions are more easily supported, and are designed to be made <u>prior to discovery</u>.") (emphasis added). This first-stage determination is made early in the litigation, prior to discovery, because the statute of limitations continues to run for each putative collective action member until

(s)he receives notice and returns a written consent to join the case. *See Beasley v. Custom Commc'ns, Inc,* No. 5:15-CV-583-F, 2016 WL 5468255, at *3 (E.D.N.C. Sept. 28, 2016); *Houston v. URS Corp.,* 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (explaining the importance of conditional certification early in a proceeding given "the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action" (citing 29 U.S.C. § 256(b)).

At the first stage, "the court makes a preliminary determination whether to conditionally certify the class <u>based upon the limited record before the court</u>." *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013) (emphasis added) (citing *Romero,* 796 F. Supp. 2d at 705.) "Consistent with the underlying purpose of the FLSA's collective action procedure, this initial inquiry proceeds under a 'fairly lenient standard' and requires only 'minimal evidence.'" *Id.* (quoting *Choimbol,* 475 F. Supp. 2d at 562); *see also Romero,* 796 F. Supp. 2d at 705 (conditional certification "requires <u>nothing more than substantial allegations</u> that the putative class members were together the victims of a single decision, policy, or plan.") (emphasis added).

In a misclassification case, such as this case, it is enough that Plaintiff demonstrate she and the other I/DD Care Coordinators are all subject to Cardinal's policy and practice of treating them as exempt under the FLSA's "professional" exemption. The Court in *Long* explained:

> The Court finds that the putative class members are similarly situated with regard to CPI's policy and practice of treating them as uniformly exempt under the FLSA's "retail sales exemption" codified in 29 U.S.C. § 207(i). CPI appears to agree that, with the exception of the Business Solutions

> Service Technicians and one Residential Service Technician, all of its technicians are classified as exempt from overtime pay. *See* (Doc. No. 65 at 7). The relevant issue here "is not whether Plaintiffs and [potential opt-in plaintiffs] were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week."

*Long*, 292 F.R.D. at 304 (citing *De Luna–Guerrero v. The North Carolina Grower's Assoc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) ("In FLSA actions, persons who are similarly situated to the plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment o[f] ... overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this [conditional certification] determination.")). *See also Rehberg v. Flowers Foods, Inc.*, No. 3:12CV596, 2013 WL 1190290, at *2 (W.D.N.C. Mar. 22, 2013) (granting conditional certification in a misclassification case based upon evidence that "(1) plaintiffs have the same job duties; and (2) are subject to the same policies and standards determining their compensation and performance requirements.").

Further, "a fact-intensive inquiry is inappropriate at the notice stage, as Plaintiff is seeking only conditional certification." *Long*, 292 F.R.D. at 303; *Essame v. SSC Laurel Operating Co. LLC*, 847 F. Supp. 2d 821, 826 (D. Md. 2012) (a fact-intensive inquiry "delves too deeply into the merits of the dispute; such a steep plunge is inappropriate for such an early stage of a FLSA collective action"); *McLaurin v. Prestage Foods, Inc.,* 271 F.R.D. 465, 470 (E.D.N.C. 2010) ("[C]ourts have routinely recognized that where an

employer has a common practice of failing to pay employees for all hours worked, factual distinctions of the type claimed by [defendant] provide no basis to deny initial certification of a collective action under the FLSA.”).

Plaintiff’s conditional certification motion requires only a “modest factual showing” that she and the putative class are similarly subjected to Defendant’s same “exempt” classification depriving them of overtime pay. Plaintiff’s substantial allegations and supporting declarations easily meet this standard. Consequently, this Court should deny Defendant’s demand to conduct time-consuming and costly discovery to allow for a fact-intensive inquiry deemed entirely inappropriate at the conditional certification stage. Any further delay serves no legitimate purpose, prejudices future opt-in plaintiffs, and needlessly runs up the costs of this litigation.

## II. DEFENDANT’S ANSWER ADMITS PLAINTIFF MEETS THE CONDITIONAL CERTIFICATION STANDARD.

Not only does Plaintiff offer sufficient substantial allegations and evidence to meet the lenient, conditional certification standard, <u>Defendant admits these allegations in its own Answer</u>. These admissions render illegitimate any purported need for additional discovery delving into fact-intensive matters reserved for later in the case.

Specifically, in its Answer, Defendant admits that it classifies Plaintiff and all its I/DD Care Coordinators throughout the State of North Carolina as “exempt” and therefore denies them all overtime pay. (Dkt. No. 23, Defendant’s Affirmative Defenses and Answer to Plaintiff’s Second Amended Complaint, at ¶ 7). Defendant admits it “uniformly applied its salary structure to all I/DD Care Coordinators.” (Dkt. No. 23, at ¶

31). Furthermore, Defendant admits all its I/DD Care Coordinators are classified as "exempt" under the same exemption (e.g. the professional exemption) and pursuant to one, uniform decision made by Defendant's legal department. (Dkt. No. 23, at ¶¶ 42-43). Defendant admits that its I/DD Care Coordinators' "exempt" classification "is reflected on a company-wide, uniform job description." (Dkt. No. 23, at ¶ 49) (emphasis added). Defendant also admits that each of its I/DD Care Coordinators throughout the State of North Carolina have identical job descriptions, which list the exact same job qualifications and responsibilities. (Dkt. No. 23, at ¶ 24, Exh. B).

Accordingly, Defendant concedes Plaintiff meets the minimal threshold showing that the class she seeks to represent is similarly subject to Defendant's same system-wide pay practice of denying overtime wages to I/DD Care Coordinators whom it uniformly classifies as "exempt" under the same professional exemption. This is all that is needed for conditional certification, and Defendant has no legitimate basis to delay ruling on Plaintiff's motion.

## III. DEFENDANT FAILS TO IDENTIFY ANY DISCOVERY IT LEGITIMATELY NEEDS THAT IS RELEVANT TO THE CONDITIONAL CERTIFICATION ANALYSIS.

Defendant claims it requires discovery on the "limited issue" of "whether there is a group of similarly situated employees whom Cardinal has subjected to a policy or procedure that violates the law." (Dkt. No. 31, at 3). However, Defendant has already admitted in its own Answer that such a group exists. Nonetheless, despite its own admissions, Defendant claims it requires discovery into the following matters: (1)

possible differences among managing supervisors, (2) workloads, (3) work habits, (4) methods of tracking time, (4) availability of differing resources, and (5) varying degrees of discretion and judgment used in performing their duties.[1] (Dkt. No. 31, at 5-6). Defendant then claims—without any legal support—that these "are all factors that the Court should consider prior to conditionally certifying this case as a collective action." *Id.* (emphasis added). This is simply untrue.

In truth, not one of these matters is appropriately considered at the conditional certification stage. It is not until the second step initiated at the close of discovery, that the court evaluates such "second-stage" factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1102-03 (10th Cir. 2001); *Gordon v. TBC Retail Grp., Inc.*, 134 F. Supp. 3d 1027, 1032 (D.S.C. 2015) (granting conditional certification and explaining that it is not until the second stage of the FLSA analysis that courts make fact-specific inquiries into: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations.").

---

[1] Obviously, Defendant does not need discovery to talk to its own managers, or to review how its employees record their work time in Defendant's own system, or to discover which resources are offered to its own clients in the various communities within North Carolina, or to even determine how many cases it assigns its I/DD Care Coordinators to comprehend each of their workloads. Defendant already knows, or has readily accessible, all this information.

Similarly, as discussed above, the relevant issue here "is not whether Plaintiffs and [potential opt-in plaintiffs] were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." *Long*, 292 F.R.D. at 304 (quoting *Salomon*, 847 F. Supp. 2d at 565); *see also De Luna–Guerrero*, 338 F. Supp. 2d at 654 ("[T]heir situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination.") (quotation omitted, emphasis added).

Moreover, when evaluating conditional certification, "the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15CV227, 2015 WL 6110859, at *3 (M.D.N.C. Oct. 16, 2015) (quoting *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 454 (M.D.N.C. 2015)); *see also Butler v. DirectSAT USA, LLC,* 876 F. Supp. 2d 560, 570–71 (D.Md. 2012) (rejecting credibility-based challenge to conditional certification premised on evidence "contradict[ing p]laintiffs' assertions").

Where, as here, "none of [the information Defendant seeks to discover is] relevant to the issue before the Court at the conditional certification stage, namely, whether named Plaintiff has presented at least some modest evidence that there may be additional [] employees with similar legal claims against Defendants for unpaid minimum wages and overtime," the discovery request is properly denied. *Solais*, 2015 WL 6110859, at *12 (citing *Enkhbayar Choimbol v. Fairfield Resorts, Inc.,* 475 F. Supp. 2d 557, 564 (E.D.Va.

2006)). As this Court held in *Solais*, when the discovery sought has no bearing on the conditional certification decision, "the burden and expense of obtaining the requested discovery outweigh its usefulness." *Id.*

Given Defendant's admissions in its Answer on the only issues germane to conditional certification, and the fact that Defendant has full access to much of the irrelevant information it now seeks to discover in its own documents and records (see discussion at FN 1), its request for additional discovery is entirely unnecessary and designed to delay Plaintiff's notice to other putative collective action members and prematurely interject improper second-stage and merits-based evidence into the conditional certification analysis. This Court should deny Defendant's request.

## IV. PLAINTIFFS NEED NOT ACTUALLY PROVE CARDINAL'S EXEMPT CLASSIFICATION VIOLATED THE FLSA IN ORDER TO ACHIEVE CONDITIONAL CERTIFICATION—SUCH AN INQUIRY IS IMPROPER AT THIS STAGE.

Unable to deny Plaintiff meets the lenient, threshold conditional certification standard—especially in light of its own admissions in its Answer—Defendant grasps at straws and suggests Plaintiff must actually prove liability in order to obtain conditional certification. However, Courts reject this argument as entirely inconsistent with well-settled FLSA law and procedure.

Defendant seizes on the often cited language requiring "a modest factual showing that the [proposed class members] were victims of a common policy *that violated the law*" to artificially inflate the conditional certification standard to one requiring proof of liability. Courts time and again reject this tactic. *See, e.g., Gordon v. TBC Retail Grp.*,

*Inc.*, 134 F. Supp. 3d 1027, 1038 (D.S.C. 2015) (granting conditional certification and explaining, "[C]ontrary to [defendant's] argument—the phrase 'violated the law' should not be read to require a showing that plaintiffs are likely to prevail on the merits."); *Burdine v. Covidien, Inc*., 2011 WL 2976929, at *3 (E.D. Tenn. June 22, 2011) (same); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of this inquiry, however, is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated.").

At the conditional certification stage, the Court is only determining whether Cardinal's I/DD Care Coordinators "were allegedly subject to a common practice, which <u>may</u> have resulted in FLSA overtime violations." *Long*, 292 F.R.D. at 305 (emphasis added). As the Court in *Long* explained when granting conditional certification, "Plaintiff has made a modest factual showing that the putative plaintiffs worked as technicians for CPI, performed the same general duties, were subject to the same piece-work-based compensation scheme and were not paid overtime." *Id.* This modest showing—which is the same showing Plaintiff Kirkpatrick and the opt-in plaintiffs present here—is all that is required for conditional certification. *See, e.g., Salomon*, 847 F.Supp.2d at 564-65 (granting cable technicians' motion for conditional certification as a collective action upon a modest factual showing).

The proper inquiry at this stage is simply "whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated.*" *Long*, 292 F.R.D. at 305

(quoting *Creely,* 789 F. Supp. 2d at 840 (emphasis in original; quotation omitted)). Contrary to Defendant's misstatement of the legal standard, it is entirely inappropriate to require Plaintiff to prove that the law was violated, or even to weigh the evidence on that merits determination, prior to—or even in the context of—ruling on conditional certification.

Such a merits determination follows full discovery and is reserved for summary judgment or, more likely, following the jury's resolution of all factual disputes. Defendant's false legal premise that Plaintiffs must prove an "illegal practice" existed as a prerequisite to achieving conditional certification is an invitation to legal error, and this Court should reject Defendant's attempt to re-write the law.

## V. THE PRE-CONDITIONAL CERTIFICATION DISCOVERY DEFENDANT SEEKS WILL INCREASE THE COST OF LITIGATION, NOT PROMOTE JUDICIAL ECONOMY.

Not only does Defendant's demand to conduct discovery before the Court rules on Plaintiff's conditional certification motion run afoul of well-settled FLSA procedure, it actually increases litigation costs and reduces efficiencies. Specifically, allowing written discovery and depositions on limited topics only means these same deponents will have to appear again for a second deposition later in this case. That will result in additional court reporter and transcript fees, attorney preparation time, travel and attendance fees, and more missed work for the deponents. This will also require the preparation of and responses to additional sets of written discovery and most likely additional motions to

compel and/or for protective orders. This does not—by any stretch of the imagination—streamline this litigation.

Indeed, Plaintiff's cost and fees to administer notice to Defendant's approximately 150 current I/DD Care Coordinators, plus an estimated 30 former I/DD Care Coordinators, will not exceed $5,000—a cost borne by Plaintiff and costing Defendant nothing unless Plaintiff prevails on her claims. Conversely, Plaintiff estimates the cost of conducting the discovery Defendant now seeks (into matters that are not even considered until the second stage of this litigation) will exceed $50,000 in attorney time, and this estimate does not even account for Defendant's own legal fees or Court time to resolve likely motions over discovery disputes.

This estimated cost analysis reveals that Defendant's instant motion would only needlessly delay notice to the putative class, burden Plaintiff and the opt-in plaintiffs with multiple depositions, and run up litigation costs.[2] All of these additional expenses, delay, and prejudice, Defendant insists, are necessary to discover competing evidence and merits-based information that this very Court has refused to consider when deciding conditional certification.

---

[2] Plaintiff also suspects Defendant is attempting to do an end-run around the lenient conditional certification standard by conducting pre-conditional certification discovery so that it may later argue for a heightened "intermediate" standard of review. Courts routinely reject these types of efforts to inflate the applicable standard. *Long*, 292 F.R.D. at 301 (W.D.N.C. 2013) ("It would be a windfall for [Defendant] if it is allowed to obtain precertification discovery over Plaintiff's objections and then receive the benefit of the intermediate standard as a result of such discovery.").

Because Defendant fails to identify any information it legitimately needs to discover from Plaintiffs that has any bearing whatsoever on conditional certification, this Court should deny Defendant's request for discovery and order Defendant to respond to Plaintiff's conditional certification motion by January 26, 2017, as this Court previously ordered. (Dec. 19, 2016 Text Order).

## VI. DEFENDANT'S LEGAL AUTHORITY IS NOT COMPELLING.

Defendant cites five, easily distinguishable cases in which District Courts purportedly allowed pre-conditional certification discovery; however, not one of these cases supports allowing the discovery Defendant seeks in this case.

First, *Carver v. Velocity Express Corp.*, 2008 WL 1766629 (W.D.N.C. Apr. 21, 2006) involved certification of both 216(b) and Rule 23 claims. This is important because the Rule 23 class certification standard is a higher burden requiring substantially more evidence to sustain the motion. Moreover, in *Carver*, the Plaintiffs requested pre-certification discovery and the Court "granted plaintiffs nearly all the discovery they sought." *Carver*, 1:07-cv-407 (W.D.N.C. 2008), Dkt. No. 27, Decision and Order entered April 23, 2008 (Howell, J.) at 2. Thereafter, Defendants submitted a Proposed Initial Pre-Trial Order that permitted Defendants to take reciprocal pre-certification discovery, which the Court granted. *See id.* After the Court granted Defendant's reciprocal discovery, Plaintiffs objected and filed a motion to prevent any parties from taking pre-certification discovery. *See id.* In response, the Court struck its prior Orders permitting pre-certification discovery, stating: "plaintiffs motion makes clear that the

court's efforts fall short and that they do not want the discovery that they earlier requested. The Initial Pretrial Order will, therefore, be stricken along with the Order of modification [that permitted Defendant to take reciprocal pre-certification discovery]. Any discovery served or depositions noticed will likewise be stricken." *Id.* at 3. After that, the Court entered its own Initial Pretrial Order <u>that did not include pre-certification discovery for anyone</u> (unless Defendant could take it naturally under the Federal Rules prior to Plaintiff's Motion for Conditional Certification). *Carver*, 1:07-cv-407 (W.D.N.C. 2008), Dkt. No. 30, Decision and Order entered May 14, 2008 (Howell, J.). Accordingly, the *Carver* decision does not, in any way, support requiring pre-conditional certification discovery in this case.

Equally unavailing is *Arena v. Carrier Corp.*, 2006 U.S. Dist LEXIS 24430 (W.D.N.C. Apr. 21, 2006). In that case, the Court, without discussion, entered an agreed-upon discovery plan submitted by the parties that included pre-certification discovery for both parties. The language Defendant quotes from *Arena* – "The first phase of discovery will cover Plaintiff's individual claims and preliminary discovery on his FLSA collective action claim…" – is taken verbatim from the Consent Initial Discovery Plan submitted by the parties themselves. As such, *Arena* involved the Court giving the parties the discovery they jointly requested, and it does not serve as precedent for requiring pre-conditional certification discovery—over Plaintiff's objection—in this case.

Defendant's motion is not bolstered by its reliance on *In re: Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, 2012 WL 330888 (S.D. Tex. Aug. 10, 2012),

a "multi-district litigation case involving five cases filed in four different districts" across four states. The Court allowed depositions in those consolidated cases based upon the unique procedural circumstances of that multi-district litigation, which the Court explained rendered it "<u>not a traditional out-of-the-gate two step process</u>" case. *Id.* at *2. It was based only upon those unique circumstances, not present in this case, that the Court granted limited depositions. Consequently, this case is inapposite.

Also weighing against Defendant's own arguments is the decision <u>granting conditional certification</u> in *Robinson v. Ryla Teleservices, Inc.*, 2011 WL 6667338 (S.D. Ala. Dec 21, 2011). In *Robinson*, although the Court allowed the Defendant limited discovery to respond to Plaintiff's anticipated conditional certification motion, the Court ultimately concluded:

> Although the Court allowed the defendant, at its request, to take limited discovery from the named plaintiffs in this matter filing its opposition, this case remains at the first step of the two-step procedure courts in this Circuit generally follow…While the defendant urges the Court to apply 'a more searching standard at the conditional certification stage' since the Court did grant the defendant's request to undertake limited discovery, because the plaintiffs have not yet been allowed to conduct discovery in this matter the undersigned declines that invitation and will, instead, follow the lenient standard set forth above.

*Id.* at *3. Accordingly, the Court in *Robinson* relied on Plaintiff's declaration testimony to determine the putative class members "hold or held the same or very similar positions—that required they perform virtually identical tasks—and, two, allege the same FLSA violations." *Id.* at *3. Based upon this evidence, the Court granted conditional

certification and refused to weigh competing evidence, resolve factual disputes, or make credibility determination. *See id.* at *4.

The same is true for *Long v. CPI Security Systems, Inc.*, 292 F.R.D. 296 (W.D.N.C. 2013), a case upon which Plaintiff relies throughout this opposition brief. While the Court allowed limited pre-conditional certification discovery in *Long*, the Court ultimately refused to consider the competing evidence Defendant offered in opposing conditional certification, refused to consider differences in hours worked or factual distinctions in job duties among putative class members, and refused to evaluate manageability issues at the conditional certification stage. *See id.* at 302-304. Instead, the Court granted conditional certification and cautioned against allowing the same second-stage and merits-based evidence Defendant seeks to discover and offer in this case. *See id*. The same result is warranted here.

## ***Conclusion***

Because Defendant fails to identify any information it legitimately needs to discover from Plaintiffs that has any bearing whatsoever on conditional certification, this Court should deny Defendant's request for discovery and order Defendant to respond to Plaintiff's conditional certification motion by January 26, 2017, as this Court previously ordered. (Dec. 19, 2016 Text Order).

Dated: January 18, 2017.

Respectfully Submitted,

/s/ *Tracey F. George*
Tracey F. George, MO Bar No. 52361

**DAVIS GEORGE MOOK LLC**
1600 Genessee St., Suite 328
Kansas City, MO 64102
Tel. 816-569-2629
Fax. 816-447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com

/s/ Tamara L. Huckert
Christopher R. Strianese, N.C. Bar No. 46918
Tamara L. Huckert, N.C. Bar No. 35348
**STRIANESE PLLC**
401 North Tryon St., 10th Fl.
Charlotte, NC 28202
Tel. 704-998-2577
Fax. 704-998-5301
chris@strilaw.com
tamara@strilaw.com
www.strilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send electronic notification of such filing to counsel of record as follows:

Debbie Durban
Mark Stafford
Candace Friel
Nelson Mullins Riley & Scarborough LLP
Bank of America Corporate Center, 42nd Fl
100 N. Tryon St.
Charlotte, NC
Debbie.durban@nelsonmullins.com
Mark.stafford@nelsonmullins.com
Candace.friel@nelsonmullins.com
*Attorneys for Defendant*

/s *Tamara L. Huckert*
**ATTORNEY FOR PLAINTIFF**