# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MOLLY KIRKPATRICK, individually )
and on behalf of all other )
similarly situated individuals, )
                                      )
        Plaintiff, )
                                      )
        v. )                1:16cv1088
                                      )
CARDINAL INNOVATIONS )
HEALTHCARE SOLUTIONS, )
        Defendant. )

## ORDER

This case comes before the Court on "Defendant's Motion to Postpone Consideration of Plaintiff's Motion for Conditional Collective Action Certification Pending Limited Discovery" (Docket Entry 30) (the "Discovery Motion"). Through the Discovery Motion, Defendant seeks leave "to conduct pre-certification depositions of Plaintiff and the seven Opt-In Plaintiffs, as well as other employees and managers whose testimony will be highly relevant to the issue of whether this case is suitable for conditional certification." (Id. at 2.) For the reasons that follow, the Court will deny such leave without prejudice to Defendant's right to submit a more limited discovery proposal.

At the conditional certification stage of a collective action under the Fair Labor Standards Act (the "FLSA"), "'the [C]ourt determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class.'" Solais v. Vesuvio's II Pizza &

Grill, Inc., No. 1:15cv227, 2016 WL 1057038, at *6 (M.D.N.C. Mar. 14, 2016) (quoting Adams v. Citicorp Credit Servs., Inc., 93 F. Supp. 3d 441, 453 (M.D.N.C. 2015)). The conditional certification standard requires only a "relatively modest factual showing" and precludes "delv[ing] too deeply into the merits of the dispute." Id. at *6-7 (internal quotation marks omitted); accord Hart v. Crab Addison, Inc., No. 13-cv-6458, 2015 WL 365785, at *2 (W.D.N.Y. Jan. 27, 2015) (explaining that "motions for preliminary certification of FLSA collective actions are more easily supported [than class certification motions] and are designed to be made prior to discovery"). As such, in evaluating a conditional certification request, "'the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'" Solais, 2016 WL 1057038, at *6 (quoting Adams, 93 F. Supp. 3d at 454).

Through the Discovery Motion, Defendant seeks leave to pursue extensive discovery. (See, e.g., Docket Entry 30 at 3 (identifying only "damages or other affirmative defenses" as issues outside the scope of the requested discovery); Docket Entry 37 at 3 (arguing that, if the Court permits the requested discovery and thereafter "ultimately conditionally certifies the class, then much of the discovery will have already been completed").)[1] However, "such a

---

1 In Defendant's view, such discovery will provide "a full understanding of whether Plaintiffs are indeed similarly situated to the other I/DD Care Coordinators" (Docket Entry 37 at 3).

2

steep plunge [into the merits of this dispute] is inappropriate for such an early stage of a FLSA collective action." Solais, 2016 WL 1057038, at *7 (internal quotation marks omitted). In light of applicable conditional certification standards, including regarding resolution of factual and credibility disputes, the Court finds that Defendant's requested discovery exceeds the scope of permissible pre-certification discovery. See, e.g., Fed. R. Civ. P. 26 advisory committee's notes, 2015 Amendment (discussing proportionality and relevance requirements in discovery).

The Court will therefore deny Defendant's discovery request, but without prejudice to Defendant bringing another motion for more limited discovery, as specified below.

**IT IS THEREFORE ORDERED** that Defendant's Discovery Motion (Docket Entry 30) is denied without prejudice to Defendant filing, on or before February 28, 2017, a motion requesting leave to conduct limited written discovery. Defendant must attach the desired discovery requests to its motion. On or before March 7, 2017, Plaintiff shall file a response to such motion, specifying any objections Plaintiff or opt-in Plaintiffs assert to the requested discovery. Defendant may file a reply to any such response by March 10, 2017.

**IT IS FURTHER ORDERED** that the stay that the Court imposed on January 23, 2017, regarding Defendant's deadline to respond to Plaintiff's Motion for FLSA Conditional Collective Action

3

Certification and Notice (Docket Entry 26) will continue in effect pending further order of the Court.

This 21st day of February, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

4