IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | | |
|---|---|---|
| MOLLY KIRKPATRICK, | ) | |
| on Behalf of Herself | ) | |
| and All Others Similarly Situated, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case no.: 1:16-CV-01088 |
| | ) | |
| CARDINAL INNOVATIONS | ) | |
| HEALTHCARE SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S MOTION FOR
<u>WRITTEN DISCOVERY</u>**

Pursuant to this Court's February 21, 2017 Order (the "Order") (Dck't No. 38) and Local Rule 7.3, Plaintiffs respectfully submit these Objections to Defendant's Motion for Written Discovery (the "Motion"). (Dck't No. 39). Defendant's written discovery requests should be denied because they do not go to "the issue of whether this case is suitable for conditional certification." (Dck't No. 38, February 21, 2017 Order at 1). Instead, Defendant's discovery requests largely seek information concerning whether the collective members are subject to an exemption to the Fair Labor Standards Act's overtime provisions. In other words, Defendant is seeking discovery on the merits of its potential defenses to this action, not on the issue of whether this action is suitable for conditional certification. Accordingly, Defendant's Motion should be denied.

1

As this Court held in the Order, "at the conditional certification stage of a collective action under the Fair Labor Standards Act ("FLSA"), 'the [C]ourt determines whether the putative class members' claims are <u>sufficiently similar</u> to merit sending notice of the action to possible members of the class.'" (Dck't No. 38, February 21, 2017 Order at 1 *citing Solais v. Vesuvio's II Pizza &Grill, Inc*., No. 1:15cv227, 2016 WL 1057038, at *6 (M.D.N.C Mar. 14, 2016) (emphasis added) and *Adams v. Citicorp Credit Servs., Inc.*, 93 F.Supp.3d 441, 453 (M.D.N.C. 2015)). "In FLSA actions, persons who are similarly situated to the plaintiffs <u>must raise a similar legal issue</u> as to coverage, exemption, or nonpayment o[f] ... overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this [conditional certification] determination.")). *De Luna–Guerrero v. The North Carolina Grower's Assoc*., 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (emphasis added).

As shown below, Defendant's proposed written discovery is not directed at the issue of whether Plaintiffs "claims" and the "legal issues" in this case are "sufficiently similar." Rather, Defendant's written discovery is aimed at discovering whether any Plaintiff might be "exempt" from the FLSA's overtime provisions. That is indisputably a "second-step," merits determination, which is not suitable for analysis at this stage. *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of this inquiry, however, is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with

2

respect to their allegations that the law has been violated."); *Long*, 292 F.R.D. at 305 (At the conditional certification stage, the Court is only determining whether plaintiffs "were allegedly subject to a common practice, which <u>may</u> have resulted in FLSA overtime violations.") (emphasis added).

Interrogatory No. 2

In Interrogatory No. 2, Defendant seeks information concerning Plaintiffs' allegation that, in many cases, they needed to obtain supervisory approval for proposed treatment plans. This request appears calculated to attempt to obtain information showing that certain Plaintiffs may be subject to the "administrative exemption" to the FLSA.

However, it is well-settled that it is not until the second-step, initiated at the close of discovery, that the court evaluates such "second-stage" factors, including: (1) <u>disparate factual and employment settings of individual plaintiffs;</u> (2) <u>the various defenses available to defendants which appear to be individual to each plaintiff</u>; and (3) fairness and procedural considerations. *See, Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (emphasis added).

The factual issues concerning "why some treatment plans required supervisory approval and others did not," "who determined whether supervisory approval was necessary," the "approximate percentage…of treatment plans which required supervisory approval," and the identity of "the supervisor(s) who had to provide approval" go to the heart of whether there are "disparate factual and employment settings of the individual plaintiffs" and whether Defendant has an "administrative exemption" defense to claims

3

of certain individual plaintiffs –second stage analyses. Accordingly, this request is objectionable and should be denied.

Interrogatory No. 3

In Interrogatory No. 3, Defendant seeks information concerning the clerical and non-clerical "tasks that Plaintiffs performed and [for] an approximate percentage of time during a workweek these clerical tasks took for each of the Plaintiffs." This Interrogatory suffers from the same problems as Interrogatory No. 2. The information sought to be discovered, *i.e.*, whether there are disparate factual and employment settings of the individual plaintiffs and whether Plaintiffs fall into the administrative exemption to the FLSA, are classic second stage analysis issues that should not be conducted at the conditional certification stage. *See*, *supra*. As such, this request is objectionable and should be denied.

Interrogatory No. 4

In addition to suffering from the same deficiencies as Interrogatories 2 and 3 with respect to the "process by which Plaintiffs determined" certain information, Interrogatory No. 4 should be disallowed because it does not accurately characterize Plaintiffs' allegations and seeks information set forth in the Complaint. Interrogatory 4 states:

> Plaintiffs allege in paragraph 5 and 6 of their declarations that they meet with members of the community who may be eligible for intellectual or developmental disability services and could only propose available services. Please confirm that Plaintiffs' only obligation related to available services is to "propose" those services…"

4

This does not accurately characterize Plaintiffs' allegations. Plaintiffs can only "propose" available services – they cannot elect or chose the services that will be provided. However, "proposing" services is far from Plaintiffs "only obligation related to available services." Plaintiffs are also obligated to "meet with members of the community," "gather information from them or their legal guardians about their risk and support needs" (Complaint at ¶24), "compile the services selected into a proposed treatment plan" (Complaint at ¶25), and "submit that proposal to Cardinal's Utilization Management team for approval or disapproval." (Complaint at ¶25).

As this illustrates, Interrogatory No. 4 does not accurately characterize Plaintiffs' allegations and seeks information contained in the Complaint. Accordingly, it is objectionable and should be denied.

Interrogatory No. 5

In Interrogatory No. 5, Defendant seeks information concerning "how Plaintiffs monitored treatment plans" and "what processes Plaintiffs undertook if they determined that such service providers were not effectively dispensing services." This Interrogatory suffers from the same problems as Interrogatory No. 2. The information sought to be discovered, *i.e.*, whether there are disparate factual and employment settings of the individual plaintiffs and whether plaintiffs fall into the administrative exemption to the FLSA, are classic second stage analysis issues that should not be conducted at the conditional certification stage. *See*, *supra*. Accordingly, this request is objectionable and should be denied.

5

Interrogatory No. 6

In Interrogatory No. 6, Defendant seeks information concerning the amount of time that Plaintiffs spent driving during their employment. Presumably, Defendant will seek to show that different Plaintiffs had different driving times. But, even if true, this is not significant to the conditional certification analysis. *See*, *Adams v. Citicorp Credit Servs., Inc.*, 93 F.Supp.3d 441, 453 (M.D.N.C. 2015)) ("[plaintiffs] situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this [conditional certification] determination.") Accordingly, this request is objectionable and should be denied.

Interrogatory No. 7

In Interrogatory No. 7, Defendant seeks information concerning whether Plaintiffs have advance knowledge or degrees. This Interrogatory is clearly calculated to elicit information concerning whether the "professional exemption" to the FLSA is applicable to any Plaintiff. But, this analysis should not be conducted until the second stage and is inappropriate for consideration on a conditional certification motion. *See*, *Thiessen* 267 F.3d at 1102-03 (the various defenses available to defendants that appear to be individual to each plaintiff are second stage issues not properly considered on a conditional certification motion). Accordingly, this request is objectionable and should be denied.

Interrogatory No. 8

In Interrogatory No. 8, Defendant seeks information concerning Plaintiffs' "normal caseload while working for Cardinal." As an initial matter, this information is already in Cardinal's possession, custody, or control because it keeps records concerning

6

the cases assigned to each Care Coordinator. Moreover, this request goes to whether there are disparate factual and employment settings of the individual plaintiffs, which are a second stage factor not appropriate for resolution at this stage. *See*, *supra*.

Also, Plaintiffs do not understand what Defendant means by the phrase "perceived acuity and complexity of the members that made up each Plaintiff's normal caseload" as used in this Interrogatory. If Plaintiffs are compelled to respond to this Interrogatory, they request that Defendant clarify what information is being sought.

If the Court is inclined to order responses to any of the discovery sought by Defendant, Plaintiffs seek to preserve their argument that the information to be provided is not relevant to the conditional certification motion. *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.") In addition, in the event that the Court is inclined to order any discovery, Plaintiffs request that the statute of limitations continued to be tolled for potential future opt-in Plaintiffs so that the claims of those potential Plaintiffs are not prejudiced by the delay in conducting discovery. Plaintiffs request that the tolling of the statute of limitations continue through the date that Defendant responds to Plaintiff's Motion for Conditional Certification.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion.

Dated: March 7, 2017

> Respectfully Submitted,
>
> /s/ Christopher R. Strianese, Esq.
> Christopher R. Strianese, N.C. Bar No. 46918
> Tamara L. Huckert, N.C. Bar No. 35348
> **STRIANESE PLLC**
> 401 North Tryon St., 10th Fl.
> Charlotte, NC 28202
> Tel. 704-998-2577
> Fax. 704-998-5301
> chris@strilaw.com
> tamara@strilaw.com
> www.strilaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send electronic notification of such filing to counsel of record as follows:

>Debbie Durban
>Mark Stafford
>Candace Friel
>Nelson Mullins Riley & Scarborough LLP
>Bank of America Corporate Center, 42nd Fl
>100 N. Tryon St.
>Charlotte, NC
>Debbie.durban@nelsonmullins.com
>Mark.stafford@nelsonmullins.com
>Candace.friel@nelsonmullins.com
>*Attorneys for Defendant*

/s Christopher R. Strianese
**ATTORNEY FOR PLAINTIFF**