**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MOLLY KIRKPATRICK, individually )
and on behalf of all other )
similarly situated individuals, )
                                  )
        Plaintiff,       )
                                  )
        v.                  )           1:16cv1088
                                  )
CARDINAL INNOVATIONS )
HEALTHCARE SOLUTIONS, )
                                  )
        Defendant.      )

**ORDER**

This case comes before the Court on "Defendant's Motion for Limited Written Discovery and Brief in Support" (Docket Entry 39) (the "Discovery Motion"). Through the Discovery Motion, Defendant seeks leave to conduct written pre-certification discovery of Plaintiff and Opt-In Plaintiffs (collectively, the "Plaintiffs"), in the form of eight interrogatories. (Id. at 1; see generally Docket Entry 39-1.) For the reasons that follow, the Court will grant in part and deny in part the Discovery Motion.

At the conditional certification stage of a collective action under the Fair Labor Standards Act (the "FLSA"), "'the [C]ourt determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class.'" Solais v. Vesuvio's II Pizza & Grill, Inc., No. 1:15cv227, 2016 WL 1057038, at *6 (M.D.N.C. Mar. 14, 2016) (quoting Adams v. Citicorp Credit Servs., Inc., 93 F.

Supp. 3d 441, 453 (M.D.N.C. 2015)). "The focus of this inquiry . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).[1]

The conditional certification standard requires only a "relatively modest factual showing" and precludes "delv[ing] too deeply into the merits of the dispute." Solais, 2016 WL 1057038, at *6-7 (internal quotation marks omitted); accord Hart v. Crab Addison, Inc., No. 13-cv-6458, 2015 WL 365785, at *2 (W.D.N.Y. Jan. 27, 2015) (explaining that "motions for preliminary certification of FLSA collective actions are more easily supported [than class certification motions] and are designed to be made prior to discovery"). As such, in evaluating a conditional certification

---

1  In this context:

> "Similarly situated" . . . means similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined. In FLSA actions, persons who are similarly situated to the plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment o[f] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical.

De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc., 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (internal quotation marks omitted).

request, "'the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'" Solais, 2016 WL 1057038, at *6 (quoting Adams, 93 F. Supp. 3d at 454).

In this case, Plaintiffs contend that Defendant "systematically misclassifies all its I/DD Care Coordinators in the State of North Carolina . . . as 'professional' employees, exempt from overtime under the [FLSA]." (Docket Entry 27 at 1.) Accordingly, Plaintiffs seek conditional certification of a class consisting of all persons "employed by Defendant as I/DD Care Coordinators within the State of North Carolina" during the pertinent time period. (Id. at 2.) In support of this conditional certification request, Plaintiffs each submitted a (largely identical) declaration regarding his/her work as an I/DD Care Coordinator for Defendant. (See Docket Entries 27-1, 27-2.)

In response, Defendant argues that Plaintiffs worked in "only one of several [Defendant] regions located in North Carolina," and "that important differences exist among the putative plaintiffs" who "work[] out of other offices and report[] to other managers." (Docket Entry 39 at 2-3.) Defendant contends that the proposed discovery "will help demonstrate whether Plaintiff and the putative plaintiffs share a similar factual setting regarding how their job requirements and responsibilities are carried out." (Docket Entry 41 at 3; see also id. at 1 ("[Defendant's] proposed interrogatories

3

are aimed merely at determining whether Plaintiff is similarly situated to I/DD Care Coordinators working in different regions and reporting to different managers.").) Plaintiffs, however, urge the Court to deny the Discovery Motion on the grounds that "Defendant is seeking discovery on the merits of its potential defenses to this action, not on the issue of whether this action is suitable for conditional certification." (Docket Entry 40 at 1.)[2] Notwithstanding this general contention, Plaintiffs raise specific objections only to interrogatories two through eight. (See id. at 3-7.)

Defendant's first proposed interrogatory seeks information regarding I/DD Care Coordinators working outside the Mecklenburg region. (See Docket Entry 39-1 at 2-3 ("Please identify current or former Cardinal I/DD Care Coordinators who work(ed) in areas other than Mecklenburg County with whom Plaintiffs have discussed the matters alleged in the Complaint, as well as what Plaintiffs believe to be the terms and conditions of the work processes and schedules of each of those current or former Cardinal I/DD Care Coordinators with whom Plaintiffs have discussed the matters alleged in the Complaint.").) In light of Plaintiffs' failure to specifically object to this proposed interrogatory (see Docket Entry 40 at 3), the Court deems it an appropriate pre-certification

---

2 In addition, Plaintiffs ask that the statute of limitations remain tolled during any pre-certification discovery. (Id. at 7.) Defendant agrees to this request. (Docket Entry 41 at 3.)

discovery request.  Accordingly, the Court will grant Defendant leave to propound Interrogatory 1.

In contrast to Interrogatory 1, Plaintiffs explicitly object to the remaining interrogatories, primarily on the grounds that they constitute improper merits discovery.  (See id. at 3-7.) Regardless of their overlap with the merits of Plaintiffs' claims, Defendant asserts, these interrogatories appropriately investigate "whether Plaintiff and putative plaintiffs perform their job responsibilities in reasonably similar ways."  (Docket Entry 41 at 2.)  Defendant also contends that "[it] should have the chance to probe the validity — or invalidity — of th[e] allegations [in Plaintiffs' declarations].  This will help the Court determine whether there is a class of similarly situated employees who are subjected to a policy that violates the law . . . ."  (Id. at 3.)

Only three components of the remaining interrogatories — Interrogatory 2(c) (Docket Entry 39-1 at 3), Interrogatory 3(a) (id.), and Interrogatory 6 (id. at 4) — strike an acceptable balance between conditional certification and merits discovery. Defendant maintains that differences in the geographic scope, population density, and complexity of available services and client needs among the regions may render Plaintiffs dissimilarly situated to I/DD Care Coordinators working in other parts of North Carolina. (See, e.g, Docket Entry 41 at 1-2.)  These three interrogatories may reveal pertinent differences without significantly burdening

5

Plaintiffs.  Accordingly, the Court will permit Defendant to propound Interrogatory 2(c), Interrogatory 3(a), and Interrogatory 6.

However, the remaining interrogatories require too "steep [a] plunge [into the merits of this dispute] . . . for such an early stage of a FLSA collective action." <u>Solais</u>, 2016 WL 1057038, at *7 (internal quotation marks omitted).  In light of applicable conditional certification standards, including regarding resolution of factual and credibility disputes, the Court finds that Defendant's remaining proposed interrogatories exceed the scope of permissible pre-certification discovery.  <u>See, e.g.</u>, Fed. R. Civ. P. 26 advisory committee's notes, 2015 Amendment (discussing proportionality and relevance requirements in discovery).  The Court will therefore deny Defendant's request to propound those interrogatories.

**IT IS THEREFORE ORDERED** that Defendant's Discovery Motion (Docket Entry 39) is **GRANTED IN PART** and **DENIED IN PART** as follows: on or before April 4, 2017, Defendant may propound Interrogatory 1, Interrogatory 2(c), Interrogatory 3(a), and Interrogatory 6, substantially in the form of the attachment to the Discovery Motion (Docket Entry 39-1), upon Plaintiffs.  The Discovery Motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Defendant shall file its response to Plaintiff's Motion for FLSA Conditional Collective Action

Certification and Notice (Docket Entry 26) on or before May 25, 2017.  Per the parties' agreement, the statute of limitations applicable to putative plaintiffs will remain tolled until Defendant files such response.

This 28th day of March, 2017.

                                    /s/ L. Patrick Auld
                              **L. Patrick Auld**
                       **United States Magistrate Judge**